```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**BANNAR C. CATLETT,**

      **Plaintiff,**

**v.**                      **Case No. 2:10-cv-00020**

**DEPARTMENT OF CORRECTIONS,**

      **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

On January 8, 2010, the Clerk filed a civil complaint using a form designed for use in the magistrate courts of the State of West Virginia. The body of the complaint states that the defendant is:

> Unconstitutionally impeding the free exercise of institutional assembly and the right under the U.S. Constitution to access the institutional law library without prejudice and unwarranted accusations and threats against this assembly.

(# 1 at 1). Petitioner seeks the following relief:

> For the guaranty of equal protection against prejudice accusations to assemble for use of the library without arbitrarily depriving the right to constitutional assembly, under the U.S. Constitution to assemble without prejudice and unwarranted threats of personal civil liberties against the petitioner.

(Id.)

On January 8, 2010, the Clerk's Office mailed Plaintiff a letter advising him that his complaint had been filed as a new civil action and explaining that his complaint was not filed on the proper form. The Clerk enclosed four copies of a "Complaint by a

Prisoner under the Civil Rights Act, Title 42, United States Code, Section 1983," with instructions for the same, an "Application to Proceed in forma pauperis and Affidavit," an explanation of the filing fees and proceeding in forma pauperis, an "Authorization to Release Institutional Account Information and to Pay Filing Fee" and three United States Marshal Process Receipt and Return forms. (# 2).  The letter requested that Plaintiff complete the forms and return them to the Clerk's Office within 30 days.

Since that time, Plaintiff has never returned the forms sent to him and he has taken no action whatsoever to move this case forward.  Plaintiff has neither paid the $350 filing fee, nor has he filed an Application to Proceed in forma pauperis.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has wholly failed to prosecute this civil action.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter without prejudice for failure to prosecute.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of

filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

    March 24, 2010  
         Date

Mary E. Stanley  
United States Magistrate Judge